Lakhi Gen. Contr., Inc. v New York City Hous. Auth. (2020 NY Slip Op 07314)





Lakhi Gen. Contr., Inc. v New York City Hous. Auth.


2020 NY Slip Op 07314


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 651957/17 Appeal No. 12574 Case No. 2019-4720 

[*1]Lakhi General Contractor, Inc., Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


David Gevanter, Lindenhurst, for appellant.
Lisa Bova-Hiatt, New York (Lauren L. Esposito of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered May 9, 2019, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff entered into a contract with defendant to perform certain work on public housing developments operated by defendant. Section 23 of the contract provided that if plaintiff claimed that any instructions given it by defendant involved extra work, then plaintiff would submit a notice of such claim within 20 days after the claim arises. The court correctly ruled that the notice of claim that plaintiff filed on June 27, 2016, was untimely, because plaintiff could have ascertained its damages when the change orders were signed and accepted by it in 2015 or when [*2]the work was substantially completed on April 22, 2016 (see Colonial Sur. Co. v New York City Hous. Auth., 182 AD3d 517, 518 [1st Dept 2020]).
Section 14 of the contract provided that plaintiff agreed that it would not make any claims for delay damages and that any such claim would be fully compensated by an extension of time to complete performance. It is undisputed that plaintiff received such an extension. Plaintiff failed to show that the no-damages-for-delay clause in the contract was unenforceable for any reason (see WDF Inc. v Turner Constr. Co., 177 AD3d 513, 514 [1st Dept 2019]).
Section 8(a) and (b)(1)-(2) of the contract provided that defendant could make changes in the work due under the contract, and provided a method for adjusting the amount owed plaintiff as a result of the changes. Plaintiff failed to show that that the amount it was paid for the change orders was not in accordance with the contract. Plaintiff conceded that it had agreed to give defendant a 20% credit for the sidewalk sheds in exchange for defendant's waiver of certain contract requirements as to the sheds.
The court correctly dismissed the unjust enrichment and quantum meruit claims on the ground that the contract governed the relationship between the parties, and correctly dismissed the claim for breach of the duty of good faith and fair dealing as duplicative of the breach of contract claim.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020